## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   **CYNTHIA A. POLANDO,** | ) | |
| | ) | |
|      **Plaintiff,** | ) | |
| v. | ) | **CIV-16-** 1158-D |
| | ) | |
| 1.   **MSC DEVELOPMENT, INC., and** | ) | |
| 2.   **MORNINGSTAR PROPERTIES,** | ) | |
|      **LLC,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
|      **Defendants.** | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Cynthia A. Polando, and for her Complaint against the Defendants alleges and states as follows:

## PARTIES

1.      Plaintiff, Cynthia A. Polando, is an adult female resident of Cleveland County, Oklahoma.

2.      Defendants are:

a) MSC Development, Inc., a corporation doing business in and around Cleveland County, Oklahoma; and

b) Morningstar Properties, LLC, a corporation doing business in and around Cleveland County, Oklahoma.

## JURISDICTION AND VENUE

3.      This is a cause of action arising out of Plaintiff's former employment with Defendants and is based on the following claims: (a) gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (b) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); and (c) disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA")/ADAAA.

1

4.      Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

5.      Plaintiff has exhausted her administrative remedies as to the above-listed claims by timely filing an initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 27, 2016.  Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated on or about August 10, 2016, which Plaintiff received by mail thereafter, and has timely filed this action within ninety (90) days of receipt of her notice of right to sue.

6.      Defendants are located in Cleveland County and all acts complained of occurred in or around Cleveland County.  Cleveland County is located within the Western District of the United States District Court of Oklahoma.  Therefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7.      Plaintiff is a female who was fifty-seven (57) years old at all relevant times hereto.

8.      Defendants own and operate storage facilities in the Oklahoma City metro area. Defendants purchased such facilities in late 2015 from Baker First Management Corporation ("Baker First").

9.      Plaintiff worked with Baker First from in or around 2008 until on or about December 2, 2015.  For the last five (5) years of her employment with Baker First, Plaintiff held the Vice President ("VP") position and supervised eight (8) storage facilities.

10.     Due to the transfer of ownership, all Baker First employees were required to apply with Defendants for their positions in or around October 2015, prior to Defendants' acquisition becoming effective on or about December 3, 2015.  Plaintiff applied for the

2

District Manager ("DM") position with Defendants, which was equivalent to her VP position with Baker First.  However, Plaintiff was not selected for the DM position.  She was told by Regional Manager Mike Gooch and VP of Storage Operations Craig Robertson (believed to be in his 30s) that they had found another DM for the position.  Instead, Plaintiff was offered a Property Manager position in Norman, OK.  Plaintiff accepted the position which resulted in a significant reduction in pay beginning December 3, 2015.

11.    Instead of Plaintiff, Gooch and Robertson hired Ed Martin as the DM for Oklahoma.  However, Plaintiff was required to continue performing several of the DM duties, as she was the only person employed with Defendants who was extensively familiar with the operation of the Oklahoma facilities.  As such, she was clearly the most qualified applicant for the DM position (not Martin).

12.    Based on Defendants' hiring decisions, it became apparent that Defendants favored hiring younger employees.  For instance, Gooch and Martin told Plaintiff they were concerned about keeping a male property manager in his 60s due to his "weight and age."  And, the three (3) property managers Defendants elected not to retain were all over 50.  Significantly younger individuals were selected instead.

13.    Moreover, Plaintiff was treated less favorably than her significantly younger co-workers.  For instance, a trainer sent by Defendants threatened to punch Plaintiff in the face when Plaintiff answered the phone saying "Baker First" on the first day that Defendants took control of the facility.  On another occasion, Gooch forcefully poked Plaintiff in the back and yelled orders at Plaintiff in front of co-workers and trainers.  Gooch did not treat Plaintiff's younger co-workers in this abusive fashion.

14.    In or around December 2015, Plaintiff notified Martin and Gooch that she was scheduled for back surgery on January 6, 2016.  Such surgery was due to an on-the-job injury

3

she suffered with Baker First in or around April 2015.

15.     Following such injury, Plaintiff was diagnosed with degenerative disc disease. As such, Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA") and the ADA Amendments Act ("ADAAA"), in that she was disabled, has a record of disability, and/or was perceived as disabled. Further, her disability substantially limits and/or limited her in one or more of her major life activities, including but not limited to moving, walking, sitting, standing and sleeping. Her disability impacts one or more of her internal bodily processes, including but not limited to normal musculoskeletal and nervous system function. However, at all times relevant hereto, she was able to perform the essential functions of her job with or without reasonable accommodations.

16.     Plaintiff postponed the surgery for several months while assisting with Defendants' acquisition of the Baker First properties.  Plaintiff worked until her surgery date and then was off work on medical leave.

17.     On or about January 19, 2016, at Martin's request, Plaintiff provided her hospital discharge paperwork regarding her surgery to Martin.  Such paperwork indicated that Plaintiff had a ten (10) pound lifting restriction and to avoid prolonged sitting.

18.     On or about January 26, 2016, while Plaintiff was off work recuperating from her back surgery, Robertson and Gooch fired Plaintiff over the phone.  Robertson stated Defendants had become aware of things Plaintiff had done and said that were allegedly detrimental to Defendants.  Robertson did not provide any specifics regarding his allegations.

19.     Such reason was merely pretext for unlawful discrimination based on Plaintiff's age, gender and disability, and in retaliation for her medical leave for back surgery, which was requested as a reasonable accommodation under the ADAAA.

20.     Upon information and belief, Plaintiff has been replaced in the Property Manager position by an individual in their twenties (20s).

21.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries as described below.

## COUNT I - Title VII Gender Violation

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

22.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender discrimination.

23.     Plaintiff is entitled to relief under Title VII because she was female, qualified for her job, was terminated, and her position was not eliminated after her termination.

24.     Plaintiff is entitled to relief because she is a female, applied for and was qualified for the District Manager position, was not selected, and the position was filled by a less qualified male.

25.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

26.     Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT II - ADEA

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

27.     The matters alleged above constitute violations of the ADEA in the form of age

discrimination.

28.     Plaintiff is entitled to relief under the ADEA because, at all times relevant to this action, she was over the age of forty (40), was qualified for her job, was terminated, and her position was not eliminated.

29.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendants' willful conduct in violating the ADEA.

## COUNT III - ADA/ADAAA

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

30.     The matters alleged above constitute discrimination and retaliation based on a disability, a record of a disability and/or a perceived disability in violation of the ADA and ADAAA.

31.     More specifically, Plaintiff was a qualified individual with a disability, in that, she suffers from a physical impairment (i.e., degenerative disc disease) which substantially limits her ability to perform one or more major life activities as set forth above.  Further, Plaintiff's disability impacts one or more of her internal bodily processes, as shown herein.

32.     Plaintiff was regarded as disabled by Defendants because she had an actual or perceived impairment, that impairment was neither transitory nor minor, and Defendants were aware of and perceived the impairment at the time of Plaintiff's termination.

33.     Despite said impairments, Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodations at all relevant times hereto.

34.     Plaintiff is further entitled for relief because she was retaliated against

following her requests for reasonable accommodation, including but not limited to her request for time off for back surgery.

35.     Plaintiff was terminated under circumstances giving rise to an inference of discrimination and retaliation.

36.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

37.     Because the actions of Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendants and award compensatory damages, punitive damages, liquidated damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 5th day of October, 2016.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA # 17844**
**LAUREN W. JOHNSTON, OBA # 22341**
**SHANNON C. HAUPT, OBA #18922**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**johnstonlw@leonardlaw.net**
**haupts@leonardlaw.net**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**